Tippit v. Tippit 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-015-CV

     JO ANN TIPPIT,
                                                                                              Appellant
     v.

     ARCHIE JACK TIPPIT,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 88-3518-3
                                                                                                    

O P I N I O N
                                                                                                    

      Jo Ann Tippit appeals a take-nothing judgment in a suit to collect $48,570 due on a
promissory note executed by her former husband, Jack Tippit, before their divorce. She also
appeals a take-nothing judgment on a fraud claim involving the distribution of $20,780 from a trust
created by her parents.
      On July 5, 1979, Jack borrowed $48,570 from Jo Ann's parents, James and Goldie Mullins. 
On January 31, 1981, the promissory note was renegotiated to be payable upon the death of the
second parent-in-law. Furthermore, Jack and the Mullins agreed that payment of the note may be
made from "the proceeds of the amount due to Jo Ann from the trust" created by the Mullins on
January 29, 1981. The trust agreement, which terminated upon the death of the second parent,
provided:
If [the Tippits] shall still be indebted to [the Mullins] at the time of the termination of
these trusts, then the Trustee shall withhold that portion of each trust estate which is to
be distributed to Jo Ann Mullins Tippit . . . until such promissory note is collected or
otherwise satisfied. At the option of Jo Ann Mullins Tippit, the promissory note may be
deemed paid if properly credited to the amount she is entitled to under this Article.

      Mr. Mullins died on September 5, 1981. Mrs. Mullins died on October 18, 1984. The note,
which had not been paid, was received by the trustee of the Mullins trust on March 25, 1986. On
October 14, 1986, Charles Jones, the trust officer for the bank trustee, mailed a letter to Jack's
divorce attorney, with a copy to Jo Ann's attorney, informing him that:
. . . This trust agreement provides that if this promissory note is still outstanding at the
time of the termination of this trust, that we, as Trustee, may deem this note paid if
properly credited to the amount that Mrs. Tippit would be entitled to receive from the
trust at termination. Please be advised that this amount has been so credited at this point.

      Jack and Jo Ann Tippit were divorced on October 20, 1986, before the trust assets were
distributed. The December 1986 trust distribution agreement, executed by all the beneficiaries
including Jo Ann, listed the note as an asset distributed to Jo Ann. She then sued Jack for payment
of the note. At trial, the jury found that the trustee had paid the note.
      Jo Ann also sued Jack for fraud, alleging that he had misused $20,780 distributed by the trust
to the Tippits in 1981. After Mr. Mullins died, but before Mrs. Mullins' death, the beneficiaries
agreed among themselves that the Tippits should be able to withdraw up to $21,000 from the trust
to modify their home, thereby providing living quarters for Mrs. Mullins. Jack received a check
for $20,780 on December 29, 1981, endorsed both his and Jo Ann's name on the check, and
deposited the money in the Tippits' joint checking account. No work was done on the house,
however. The jury found that Jack fraudulently obtained $20,780 from the trust on December 29,
1981.
The Promissory Note
      In point one Jo Ann contends that the court erred in granting Jack's motion for a take-nothing
judgment in her suit to collect on the promissory note because, as a matter of law, she was entitled
to collect on the note. We must affirm the judgment of the trial court if it is correct on any theory
of law applicable to the case.


 As an affirmative defense, Jack pleaded that the Tippits' Agreed
Decree of Divorce was res judicata of Jo Ann's suit to collect on the promissory note. In Jo Ann's
First Amended Original Counterclaim for Divorce, Jo Ann alleged:
[Jack] borrowed money from [Jo Ann's] parents to start a business. The amount
borrowed was approximately $48,570 plus interest. At the time the business was sold,
there existed over $60,000 to pay back the money to [Jo Ann's] parents, yet [Jack]
refused and spent the money on other matters. All the while, [Jack] knew that if the
money was not paid back to [Jo Ann's] parents, that it would be taken out of her separate
property inheritance which has in fact been done. [Jo Ann] seeks reimbursement to her
separate property estate of such amounts from [Jack].

      The Agreed Decree of Divorce recites that "all matters in controversy, including questions
of fact and of law, were submitted to the Court," and that the "Court finds the following [division
of assets] is just and right, having due regard for the rights of each party." Among the property
awarded to Jo Ann by the Agreed Decree of Divorce was the piece of real property used to secure
the original 1979 promissory note. The Agreed Decree of Divorce also assigned to Jack "all debts
incurred by [Jack] since November 1, 1981." The original promissory note, however, was
executed on July 5, 1979, and renegotiated on January 31, 1981. Finally, the decree recited "that
all relief requested in this cause and not expressly granted herein be and is hereby denied."
      Res judicata may be invoked to bar further proceedings when the following prerequisites exist:
(1) the prior judgment was rendered by a court of competent jurisdiction; (2) there was a final
judgment on the merits; (3) the parties, or those in privity with them, are identical in both suits;
and (4) the same cause of action is involved in both suits.


 The prior divorce decree was rendered
by the district court of Hunt County, a court of competent jurisdiction; the Agreed Decree of
Divorce was a final judgment on the merits; Jack Tippit and Jo Ann Tippit are the parties in both
the prior divorce and the current suit to collect on the promissory note; and Jo Ann sought
recovery on the note in both suits. The Agreed Decree of Divorce either took her right to recover
on the note into consideration when distributing the Tippits' assets and liabilities, or it expressly
denied her right to recover on the note. As a result, Jo Ann's claim related to the promissory note
is barred by res judicata.


 Accordingly, we overrule point of error one.
      Because we have found that Jo Ann's suit to collect on the promissory note is barred by res
judicata, we need not address points two, three, and four, by which Jo Ann challenges the legal
and factual sufficiency of the evidence to support the jury's finding that the note had been paid.
The Fraud Claim
      In points of error five and six Jo Ann argues that the court erred in granting Jack's motion for
a take-nothing judgment on the fraud claim because, as a beneficiary of the trust, she had a viable
cause of action for fraud against him. As an affirmative defense, Jack pleaded that Jo Ann's fraud
claim was barred by the statute of limitations.
      Fraud claims are governed by a four-year statute of limitations.


 According to section 16.068
of the Texas Civil Practice and Remedies Code, if a filed pleading relates to a cause of action that
is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or
supplement to the pleading that changes the facts or grounds of liability is not subject to a plea of
limitation unless the amendment or supplement is wholly based on a new, distinct, or different
transaction or occurrence.


 To determine whether a cause of action asserted in an amended
petition relates back to the original filing date, a two-pronged test must be applied.


 First, the
cause of action asserted in the original pleading must not have been barred by limitations when the
original pleading was filed, and second, the amended pleading that changes the facts or grounds
of liability or defense must not be wholly based on a new, distinct, or different transaction or
occurrence.



       Jo Ann filed her original petition on October 17, 1988, just within the four-year statute of
limitations to collect on the promissory note that was payable on October 18, 1984. In her original
petition, however, the only transaction she mentioned was the promissory note; and she alleged
only that Jack owed her the amount due on the note. Jo Ann filed her amended petition on April
20, 1990. This would normally cause the statute of limitations for the claim in the amended
petition to toll as of her original filing date in 1988. But Jo Ann's amendment alleged a new cause
of action, fraud, involving a different sum of money, $20,780. This money was distributed to the
Tippits by the trustee of the Mullins trust, not loaned to them by the Mullins. The Tippits
received this money in 1981, two years after the original promissory note was executed. In fact,
the money for the house renovations was in no way connected to the proceeds of the loan, except
that the Tippits benefited from both. The distribution of $20,780 from the trust was, therefore,
a separate transaction from the promissory note executed by Jack. As a result, the fraud claim
does not relate back to the filing of Jo Ann's original petition so as to toll the statute of limitations
on October 17, 1988.
      The record reflects that Jack received a check for $20,780 on December 29, 1981, and the
jury found, in question one, that he fraudulently obtained $20,780 from the trust on December 29,
1981. Because Jack pleaded, proved, and secured a favorable finding that the cause of action
accrued on December 29, 1981, he met his initial burden to sustain his plea of limitations.


 Jo
Ann raised the discovery rule by a plea in confession and avoidance. Because Jack met his initial
burden to sustain his affirmative defense, however, Jo Ann had the burden to prove and secure
favorable findings on the discovery rule.



      In question two the jury found that Jo Ann did not discover, or could not have discovered by
the exercise of reasonable diligence, any fraud prior to October 18, 1984. The amended petition
asserting the fraud cause of action, however, was filed more than four years after October 18,
1984, the only date for which a discovery rule finding was requested. Because Jo Ann failed to
secure a discovery-rule finding sufficient to avoid Jack's plea of limitations, we overrule points
of error five and six.
      We affirm the trial court's judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 24, 1993
Publish